FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 8 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DAVID DAWKINS,

                Petitioner,

v.

**MEMORANDUM & ORDER**
09-CV-03965 (MKB)

DALE ARTUS, Superintendent,
Clinton Correctional Facility

                Respondent.

-----------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

Petitioner David Dawkins brings the above-captioned petition pursuant to 28 U.S.C. § 2254, seeking relief from his conviction after a bench trial in New York Supreme Court, Queens County, for attempted criminal contempt in the second degree. Petitioner appealed to the Appellate Division, Second Department, claiming that his conviction was unconstitutional, because he was not tried by a jury. The Appellate Division rejected Petitioner's claim and affirmed his conviction. *People v. Dawkins*, 924 N.Y.S.2d 810 (App. Div. 2011). The New York Court of Appeals denied leave to appeal. *People v. Dawkins*, 17 N.Y.3d 858 (2011). Petitioner also filed a motion to vacate the trial court's verdict, and an application for state habeas relief, both of which were denied. *People v. Dawkins*, No. 2008QN046051 (N.Y. Sup. Ct. Mar. 23, 2009), *leave to appeal denied*, No. 2009-04146 (N.Y. App. Div. July 28, 2009) (denying Petitioner's motion to vacate); *People v. Dawkins*, No. 2008QN046051 (N.Y. Sup. Ct. July 9, 2009) (denying Petitioner's writ of habeas corpus). Petitioner asserts the same ground for relief in the instant petition. For the reasons stated below, the petition is denied.

1

By letter dated March 28, 2012, Petitioner requested the appointment of counsel. This request is also denied.

I. **Background**

Petitioner's conviction stems from an August 18, 2008 incident in which he was accused of violating an order of protection by approaching Tamesha Dawkins outside a Queens subway station and demanding to see their son. (Pet. Exs. A–C.) Petitioner was charged with attempted criminal contempt in the second degree, a Class B misdemeanor. (Pet. 2.) After a bench trial in New York Supreme Court, Queens County, Petitioner was convicted on January 6, 2009, and sentenced to the maximum sentence of 90 days imprisonment. *Id.* Petitioner filed a notice of appeal. *Id.*

At the time of the incident, Petitioner was on parole for a 2005 attempted robbery conviction. (Pet. Ex. A.) The New York State Division of Parole initiated a revocation proceeding. At a January 20, 2009 hearing,[1] an administrative law judge found that Petitioner violated his parole by defying the protection order, and sentenced him to an additional 20 months of imprisonment. (Pet. Ex. C.) Petitioner appealed the revocation of his parole, but the appeal was denied. (Pet'r Reply Ex. C.)

While Petitioner waited to receive a trial transcript to file a direct appeal of his January 6, 2012 conviction, he filed two collateral attacks on that conviction: (1) a motion to vacate under New York Criminal Procedure Law § 440.10; and (2) a petition for a writ of habeas corpus pursuant to Article 70 of the New York Civil Procedure Law and Rules. Both alleged that his conviction for attempted criminal contempt was unconstitutional because he was not tried by a

---

[1] The documentation from the hearing incorrectly lists the date as January 20, 2008, but the New York State Attorney General's office subsequently confirmed with the Division of Parole that this was a typographical error and that the actual date of the hearing was January 20, 2009. (Resp't Opp'n 3.)

2

jury. (Pet. Exs. F–G.) Petitioner claimed he was entitled to a jury trial because the potential consequences he faced if convicted included not only the 90-day maximum sentence for the contempt charge, but an additional prison term of at least 15 months for the parole violation.[2] (Pet. 5a.) Both collateral attacks were held to be procedurally barred because Petitioner had either not preserved his constitutional claim for appeal, or if he had, the claim had not yet been heard on direct appeal. *People v. Dawkins*, No. 2008QN046051 (N.Y. Sup. Ct. Mar. 23, 2009), *leave to appeal denied*, No. 2009-04146 (N.Y. App. Div. July 28, 2009) (denying Petitioner's motion to vacate); *People v. Dawkins*, No. 2008QN046051 (N.Y. Sup. Ct. July 9, 2009) (denying Petitioner's writ of habeas corpus). In both actions, the court also found that if the claim was not procedurally barred, it would be denied on the merits. *Id.*

Petitioner filed the instant petition on September 9, 2009[3] in the Northern District of New York, but it was transferred to this district shortly thereafter pursuant to 28 U.S.C. § 2241(d). In February 2010, Respondent filed opposition papers to the instant petition asking the court to dismiss the petition without prejudice because Petitioner had not exhausted his state court remedies. (Resp't Opp'n. 8–10.) This motion was never decided.

On June 7, 2011, after Respondent's motion to dismiss the petition for failure to exhaust state court remedies was filed, the Appellate Division, Second Department, affirmed Petitioner's January 2009 conviction for attempted criminal contempt. *People v. Dawkins*, 924 N.Y.S.2d 810 (App. Div. 2011). The New York Court of Appeals denied leave to appeal. *People v. Dawkins*, 17 N.Y.3d 858 (2011). Petitioner has therefore exhausted his state court remedies. *See* 28

---

[2] Under the State rules governing final parole hearings, Petitioner qualified as a "Category 1" violator and was subject to a minimum 15-month time assessment. N.Y. Comp. Codes R. & Regs. tit. 9, § 8005.20(c)(1).

[3] At the time the instant petition was filed, Petitioner had completed the 90-day sentence for the challenged conviction, but was still in custody for his parole violation.

U.S.C. § 2254 (b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

When Petitioner filed the instant petition in September 2009, he had completed his 90-day sentence for the attempted contempt conviction, but he remained in custody for the parole violation.[4] A petitioner's incarceration as a result of a parole revocation satisfies the "in custody" provision of 28 U.S.C. § 2254(a). *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). Moreover, a petitioner need not be in custody when the court adjudicates the petition, as long as he was in custody pursuant to the challenged conviction at the time the petition was filed. *Id.*

On March 23, 2012, this matter was reassigned to me. By letter dated March 28, 2012, Petitioner requested that the court appoint him counsel in this proceeding. (Mar. 28, 2012 Letter).

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[4] In May 2010, Petitioner was conditionally discharged for the parole violation, but remains under parole supervision until March 2013. (Mar. 28, 2012 Letter.)

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412-13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Right to a Jury Trial

The right to a jury trial in criminal cases is guaranteed by the Sixth Amendment, and applies to states through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). The right attaches whenever the offense charged carries a maximum sentence of more than six months. *Baldwin v. New York*, 399 U.S. 66, 69 (1970) (plurality opinion). Where an offense carries a maximum sentence of less than six months, a defendant is only entitled to a jury trial "if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton v. City of North Las Vegas*, 489 U.S. 538, 543 (1989).

Thus, "[t]he Sixth Amendment reserves the jury trial right to defendants accused of serious crimes." *Lewis v. United States*, 518 U.S. 322, 327 (1996). Whether an offense is serious is determined by the maximum sentence provided for by the legislature, because this is the best "objective indication of the seriousness with which society regards the offense." *Frank v. United States*, 395 U.S. 147, 148 (1969). It is this objective indication that the charged offense is serious, rather than the potential prison term faced by a *particular defendant*, that is used in determining whether a jury trial is required. *Lewis*, 518 U.S. at 328.

In challenging his conviction for attempted criminal contempt, Petitioner contends that even though the maximum sentence the trial judge could have imposed was 90 days, he was entitled to a jury trial, because he also faced a sentence of at least 15 months for violating his parole. (Pet. 5a.) Petitioner's position is inconsistent with *Lewis*. In *Lewis*, the Supreme Court found that the right to a jury trial did not attach where a criminal defendant charged with multiple petty offenses faced a potential aggregate sentence in excess of six months. *Id.* at 327–30.[5] Since entitlement to a jury trial is based on the offense charged, rather than the potential collateral consequences faced by a particular defendant, the state court decision was not "contrary to," or an "unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The petition must therefore be denied.

---

[5] *Lewis* also discussed an earlier case, *Codispoti v. Pennsylvania*, 418 U.S. 506 (1974), in which the Supreme Court identified criminal contempt as a possible exception to the rule that the jury right does not attach to petty offenses. "*Codispoti* emphasized the special concerns raised by the criminal contempt context. Contempt 'often strikes at the most vulnerable and human qualities of a judge's temperament . . . [presenting] 'the very likelihood of arbitrary action that the requirement of jury trial was intended to avoid or alleviate.'" *Lewis*, 518 U.S. at 329, (*quoting Codispoti*, 418 U.S. at 515). But to the extent that there is a Sixth Amendment exception for criminal contempt, it is limited to instances where the legislature has not set a maximum penalty, and where the *actual* sentence imposed exceeds six months. *Lewis*, 518 U.S. at 329 (*citing Taylor v. Hayes*, 418 U.S. 488 (1974) (holding that a defendant convicted of criminal contempt in a jurisdiction with no set penalty for that offense was not entitled to a jury trial, because his actual sentence was less than six months)).

### c. Request to Appoint Counsel

The Supreme Court has held that the constitutional right of a criminal defendant to be represented by counsel extends to the first appeal of right, but not to collateral or discretionary appeals. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A district court may appoint counsel for a financially eligible person if "the interests of justice so require," 18 U.S.C § 3006(a)(2)(B). However, under the Rules Governing Section 2254 Cases In United States District Court, appointment of counsel in habeas proceedings is only mandatory when an evidentiary hearing is required, R. 6(a), or if counsel is essential for the discovery process, R. 8(c). Finding none of these conditions here, the Court declines to appoint counsel.

## III. Conclusion

Accordingly, the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied, and the Court will not issue a Certificate of Appealability. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: May 18, 2012
Brooklyn, NY

/S/

MARGO K. BRODIE
United States District Judge